**Rita COVONE, Appellant**

v.

**COMMISSIONER SOCIAL SECURITY.**

No. 04–4365.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 15, 2005.

Decided July 29, 2005.

Karl E. Osterhout, Pittsburgh, PA, for Rita Covone.

Robert S. Drum, Philadelphia, PA, for Commissioner Social Security.

Before ALITO, VAN ANTWERPEN, and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Rita M. Covone appeals a decision of the United States District Court for the Western District of Pennsylvania that affirmed the decision of the Commissioner of Social Security denying her application for Supplemental Security Income payments. While our review of the District Court's order affirming the denial of benefits is plenary, we may reverse the Commissioner's decision only if we conclude that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence. *Podedworny v. Harris,* 745 F.2d 210, 217 (3d Cir.1984); 42 U.S.C. § 405(g).

As we write only for the parties involved, we will not restate the evidence below.

The testimony of a vocational expert in response to hypotheticals posed by the ALJ may be relied upon, but "[w]here there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." *Burns v. Barnhart,* 312 F.3d 113, 123 (3d Cir.2002). The hypothetical posed by the ALJ asked the vocational expert to assume an age of 42, a high school education, and a lack of relevant work experience. With respect to claimant's residual functional capacity ("RFC"), the hypothetical assumed a capacity for light work that is simple and repetitive in nature, not requir-

ing more than incidental interaction with the public, and not requiring the emersion of her hands in fluids or constant fine manipulation with her hands. AR–97. Claimant does not contest the findings related to her exertional impairments. Rather, she contests that the posited capacity to perform "simple and repetitive" tasks not requiring more than incidental interaction with the public does not reasonably encompass the scope of her limited ability to follow rules, relate to coworkers, function independently, maintain concentration, and behave in an emotionally stable manner.

The hypothetical posed was based directly on the ALJ's finding at the fourth step of the disability evaluation that "due to her depressive disorder [claimant] is limited to simple, repetitive tasks that do not require more than incidental interaction with the public." A–28. This finding was based on the ALJ's review of the objective medical evidence, functional assessments of consulting examiners, and the claimant's account of her daily activities, the latter being discounted by the ALJ's finding that she was not fully credible. The ALJ's analysis compared the findings of Dr. Lanz's 2002 psychiatric evaluation, in which claimant was rated good or fair in her ability to cope with the demands of work, with earlier evaluations and with evidence that the claimant was capable of performing a range of daily work activities.

In *Burns* we held that the phrase "simple, routine, repetitive work" was not sufficiently descriptive of the claimant's medically established impairments related to borderline functioning in the areas of reliability, common sense, ability to function independently, and judgment, combined with manifestations of flightiness, disassociation, oppositional tendencies, and difficulties in comprehension. *Burns,* 312 F.3d at 123. *Burns* requires that a hypothetical

include all of the claimant's credibly established limitations, but does not require that the vocational expert be apprised of limitations which have been determined not to affect the claimant's RFC. In that case, the ALJ specifically found that the claimant's RFC was limited by "borderline intellectual functioning" but did not critically evaluate the additional functional limitations supported by the psychiatric evaluation submitted as the sole evidence of claimant's mental limitations. *Id.* at 121. Unlike in *Burns,* the ALJ compared several medical diagnoses with evidence of claimant's daily activities before describing the effect claimant's depressive disorder had on her RFC. Pursuant to Social Security Ruling 96–6p, it was proper for the ALJ to give the consultative evaluations significant, but not controlling, weight in determining claimant's RFC. Impairments "that are medically supported but are also contradicted by other evidence in the record may or may not be found credible— the ALJ can choose to credit portions of the existing evidence." *Rutherford v. Barnhart,* 399 F.3d 546, 554 (3d Cir.2005).

Although claimant argues that the hypothetical question posed by the ALJ does not adequately represent her functional limitations, it is apparent that the hypothetical in fact directly tracks the RFC finding. The claimant's challenge, therefore, amounts to an argument that the ALJ's determination of her RFC is not supported by substantial evidence. *See Rutherford,* 399 F.3d at 554 n. 8. A review of the record and the ALJ's opinion demonstrates that this argument fails because the limitations cited by the claimant were "reasonably discounted by the ALJ, so that the hypotheticals submitted to the vocational expert included all of the limitations credibly established by the record." *Id.* at 555. The ALJ based his RFC determination on a chronological comparison of medical examinations spanning several years. The reliance placed on the most

recent report by Dr. Lanz when compared to an earlier report which diagnosed more marked limitations, was justified because the earlier examination took place shortly after the claimant temporarily relapsed into heroin abuse. Also, the ALJ's adverse credibility determination which led him to accept certain aspects of the claimant's account of her daily activities and disbelieve others was proper. The contradictory content of the claimant's account supports the ALJ's credibility determination.

Because the hypothetical posed to the vocational expert reflected claimant's RFC, and that RFC is supported by substantial evidence, we affirm the ALJ's determination that claimant is not disabled. Furthermore, because we find no error in the hypothetical posed or the determination of claimant's RFC, we hold that the ALJ satisfied the heightened obligation to develop the record when claimants appear without the assistance of counsel. *Dobrowolsky v. Califano,* 606 F.2d 403 (3d Cir. 1979).